IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TIMOTHY GRAHAM, #M0613**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 4:10CV90- TSL-LRA**

**DALE CASKEY and**
**JIM HOOD**  **RESPONDENTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Timothy Graham filed a petition for federal habeas corpus relief on May 17, 2010, seeking immediate release from the custody of the Mississippi Department of Corrections. Respondents move to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Alternatively, they contend the petition was rendered moot by Petitioner's release from incarceration in July 2010. The Court recommends the motion be granted for the reasons that follow.

Petitioner pled guilty to failing to obey a police officer and was sentenced to serve one year and one month in the Mississippi Department of Corrections.[1] At some point prior to this conviction, Petitioner was also convicted and sentenced for possession of a firearm by a convicted felon.[2] He was discharged from that sentence on June 29, 2009.[3]

---

[1] *See* Petition for Writ of Habeas Corpus, ECF No. 1, p. 1.

[2] Petitioner was convicted in the Circuit Court of Jones County on the firearm charge and sentenced to three years in the Mississippi Department of Corrections, with

## Discussion

As his sole ground for relief, Petitioner argues he should be immediately released from custody because the Mississippi Department of Corrections ("MDOC") has not properly credited him with time served in the Harrison County Jail. To support this claim, he submits a "Jail Time Allotment" form from the Harrison County Jail showing he was incarcerated in that facility from August 2, 2008 - August 15, 2008, and from May 15, 2009 - August 25, 2009. He also submits his Inmate Time Sheet from MDOC dated March 4, 2010.[4] Although the time sheet reflects a credit for time served from August 2, 2008 - August 15, 2008,[5] it does not show credit for time served in the Harrison County Jail from May 15, 2009 - August 25, 2009. Petitioner asserts that had he been properly credited with this time, his release date would have been April 2, 2010.[6]

Respondents advise that Petitioner's time sheet was corrected by MDOC officials after he filed his habeas petition. To that end, they produce a corrected time sheet,

---

one year to be served in custody, while the remaining two years were to be served on Post Release Supervision. The parties do not advise on what date the sentence for the firearm charge commenced.

[3] See ECF No. 2, MDOC Discharge Certificate

[4] According to the Inmate Time Sheet from the Mississippi Department of Corrections produced by Petitioner, he commenced serving this sentence on July 14, 2009, and had a tentative and maximum discharge date of August 13, 2010.

[5] ECF No. 2, p. 10.

[6] See ECF No. 2, p. 8.

printed June 25, 2010, that shows credits for two separate periods of time – thirteen days for the period from August 2, 2008 - August 15, 2008, and twenty-eight days for the period from June 29, 2009 - July 27, 2009, for a total credit of forty-one days.[7] Respondents suggest that Petitioner was not credited with time served from May 16, 2009 - August 25, 2009, because any time spent in custody prior to June 29, 2009, on the possession of firearm charge, could not be doubly credited to Petitioner as a pretrial jail credit on his current sentence.  Regardless, they point out that this computation claim is not ripe for federal review because Petitioner failed to exhaust available state court remedies by filing a complaint with the prison's administrative relief program, or a motion for post-conviction collateral relief.  Alternatively, they submit the petition was rendered moot when Petitioner was scheduled to be released from custody in July 2010.

Petitioner has not refuted any of these claims.  The docket, in fact, shows no filings by Petitioner since he filed a Motion for Leave to Proceed *In Forma Pauperis* on May 17, 2010.  Courts generally consider a prisoner's habeas challenge to be mooted by the release from custody, unless "some concrete and continuing injury" or "collateral consequence" of the conviction exists.  *Spencer v. Lemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

---

[7]   ECF No. 8-1.  MDOC Time Computation Sheet.  The corrected time sheet has also been modified to reflect that Petitioner's sentence commenced on June 16, 2009, with a tentative discharge date of July 6, 2010, and a maximum discharge date of July 16, 2010.

But when a prisoner, like the petitioner in this case, merely contests the imposition or duration of his confinement, and not the conviction itself, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L. Ed. 2d. 508 (1982). For all these reasons, the Undersigned issued a show cause order, directing Petitioner to advise whether he intended to pursue his habeas claim upon his release, and if so, to specify what additional relief he seeks. He was also warned that failure to comply with this court's order on or before October 21, 2010, would result in a recommendation from the Undersigned that his petition should be dismissed. He has failed to comply with the Court's order.

This failure, coupled with the fact that Petitioner's sole request to be released from custody was rendered moot when he was reportedly released in July 2010, warrants dismissal in this case. *Adair v. Dretke*, 150 Fed. App'x 329 (5th Cir. 2005)(appeal deemed moot and found to have no continuing relevance after inmate was released from incarceration).

## Conclusion

It is therefore the recommendation of the Undersigned United States Magistrate Judge that the Motion to Dismiss should be granted for the reasons stated herein and tjat the petition should be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72 (a)(1)(A) (as amended, effective December 1, 2010).

    THIS the 7th day of December 2010.

                                        /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE